UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUNYABARAME MOISE,

Petitioner,

v.

UNKNOWN PARTY,

Respondents.

Case No. 1:26-cv-3075

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

## I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.6–7.) In an order entered on October 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on November 4, 2026, (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of the Democratic Republic of Congo. (Notice to Appear (NTA), ECF No. 5-2, PageID.26.) Petitioner was admitted to the United States at New York, NY, on or about January 14, 2014, as the child of an alien classified as a refugee. (*Id.*) His status was adjusted to that of a lawful permanent resident on August 24, 2016. (*Id.*)

On October 7, 2024, Petitioner was convicted in the 17th Circuit Court in Grand Rapids, Michigan, for the offense of Stolen Property – Receiving and Concealing – Motor Vehicle in violation of MCL 750.5357 and sentenced to a minimum of two years and a maximum of five years in the state prison. (*Id.*, PageID.29)

On June 24, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Form I-200, ECF No. 5-3, PageID.31.) DHS placed Petitioner in removal proceedings by issuing Petitioner a Form I-862 Notice to Appear (NTA), charging Petitioner with inadmissibility under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) because Petitioner had "been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [of] at least 1 year was imposed." (NTA, ECF No. 5-2 PageID.25.)

On August 21, 2026, the Immigration Court held that Petitioner was subject to mandatory detention under § 1226(c) because he was "convicted of an aggravated felony." (Aug. 21, 2026, Order Immigration Judge, ECF No. 5-4, PageID.33.)

Thereafter, on October 14, 2026, the Immigration Court ordered that Petitioner be removed from the United States. (Oct. 14, 2026, Order Immigration Judge, ECF No. 5-5.) Petitioner has until November 13, 2026, to file an appeal with the Board of Immigration Appeals. (*See id.*, PageID.39.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

In this action, Respondents argue that Petitioner is subject to mandatory detention under § 1226(c) because he was convicted of receiving and concealing a motor vehicle, breaking and entering a vehicle, and resisting/obstructing and fleeing a police officer. (Resp., ECF No. 5, PageID.17.)

Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . ." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, there is nothing in the record to call into question Petitioner's 2023 and 2024 convictions of receiving and concealing a motor vehicle, breaking and entering a vehicle, and

resisting/obstructing and fleeing a police officer. Therefore, based on the record before the Court at this time, it does not appear that Petitioner is entitled to a bond hearing under § 1226(a).

To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).[1]

Accordingly, the Court will dismiss the petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 10, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[1] Further, if Petitioner's removal proceedings remain ongoing, and he continues to be detained, Petitioner is free to file a later action challenging the constitutionality of his prolonged detention under § 1226(c).